1
2
3
4
5
6
7

**STATE OF WASHINGTON**
**CLARK COUNTY SUPERIOR COURT**

8

TIMOTHY RUGE,

9

Plaintiff,

10

v.

11

CACH, LLC, a Colorado Limited Liability
Company, and LAW OFFICE OF SUSAN
ADDISON BLUSH, P.C., a California
Professional Corporation, d/b/a
KENTWOOD LAW GROUP,

12
13
14

15

Defendants.

NO.

PLAINTIFF'S COMPLAINT FOR
INJUNCTIVE RELIEF FOR
VIOLATIONS OF THE CONSUMER
PROTECTION ACT, THE
COLLECTION AGENCY ACT, THE
TELEPHONE CONSUMER
PROTECTION ACT AND THE FAIR
DEBT COLLECTION PRACTICES
ACT, *INTER ALIA*

16

COMES NOW, Plaintiff, TIMOTHY RUGE, by and through his attorney,

17

SARAELLEN HUTCHISON, and complains against the Defendants as follows:

18

### I.    STATEMENT OF THE CASE

19

This is an action for injunctive relief to prevent further harm to Plaintiff and to prevent

20

future harm to other Washington consumers and debtors and to prevent Defendants' future

21

violations of the Fair Debt Collection Practices Act (FDCPA), the Telephone Consumer

22

Protection Act (TCPA), the Washington State Collection Agency Act (CAA) and the

23

Washington State Consumer Protection Act (CPA).

### II.    PARTIES

24

2.1    Plaintiff, TIMOTHY RUGE, is a resident of Clark County, Washington.

25

PLAINTIFF'S COMPLAINT                                    1

26

2.2     Plaintiff allegedly obtained and used a credit card from Wells Fargo, which he used primarily for personal, family, and household purposes.

2.3     Plaintiff is therefore a "debtor" as defined by the Fair Debt Collection Practices Act (FDCPA) and the Collection Agency Act (CAA), and a "consumer" as defined by the Consumer Protection Act (CPA) and the Telephone Consumer Protection Act (TCPA), and Plaintiff acted as a "debtor" and "consumer" at all times relevant to this litigation.

2.4     Defendant, CACH, LLC, (hereinafter "CACH"), is a purchaser of large portfolios of charged off credit card debts.

2.5     CACH regularly attempts to collect third party debts from consumers in Washington State.

2.6     CACH is a Colorado Limited Liability Company, conducting business under Colorado ID Number 20051120495.

2.7     CACH is registered to conduct business in the state of Washington, under Unified Business Identifier Number 603094219.

2.8     CACH also holds a Washington State Collection Agency License.

2.9     CACH is therefore a collection agency and a business that regularly collects debts owed to others.

2.10     Defendant CACH is therefore a "debt collector" as defined by the FDCPA, a "collection agency" as defined by the CAA, a "business" as defined by the CPA, and CACH acted as such at all times relevant to this complaint.

2.11     Defendant LAW OFFICE OF SUSAN ADDISON BLUSH, P.C., a California Professional Corporation, d/b/a KENTWOOD LAW GROUP, (hereinafter also, "KENTWOOD") is a California Debt Collection law firm, doing business under the name "KENTWOOD LAW GROUP," which regularly attempts to collect third party debts.

PLAINTIFF'S COMPLAINT                                2

2.12    LAW OFFICE OF SUSAN ADDISION BLUSH, P.C. is registered to do business in California under Entity Number C3315473.

2.13    LAW OFFICE OF SUSAN ADDISION BLUSH, P.C. and its d/b/a, KENTWOOD LAW GROUP, are registered to do business in Washington State pursuant to universal business identifier number 603205207.

2.14    LAW OFFICE OF SUSAN ADDISION BLUSH, P.C. with its d/b/a, KENTWOOD LAW GROUP, holds a Washington State Collection Agency License.

2.15    Defendant KENTWOOD is therefore a "debt collector" as defined by the FDCPA, a "collection agency" as defined by the CAA, a "business" as defined by the CPA, an acted as such at all times relevant to this complaint.

2.16    Both Defendants made attempts to collect the debt at the heart of this litigation.

## III.    JURISDICTION AND VENUE

3.1    Jurisdiction and Venue in Clark County Superior Court are appropriate where the acts at issue and described herein or some part thereof occurred in Clark County Washington, and where the injury to Plaintiffs or some part thereof occurred in Clark County Washington, and where the Defendants have engaged in substantial business contacts in Clark County Washington, and where Defendants have already submitted to this jurisdiction by attempting to collect a debt in this jurisdiction, and where the Plaintiff prays for injunctive relief. RCW 4.12.020; 4.12.025; 4.28.180; 4.28.185; and 7.40.010.

3.2    Defendants are liable unto Plaintiff pursuant to the provisions of the Consumer Protection Act, RCW 19.86 et seq., the Collection Agency Act, RCW 19.16 et seq., the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq., the Telephone Consumer Protection Act, 47 U.S.C. §227 and its implementing regulation at C.F.R. 64.1200, as well as other applicable state and federal laws.

PLAINTIFF'S COMPLAINT                                    3

## IV.  FACTS

4.1     Defendants allege that Plaintiff owes a consumer debt, specifically, a Wells Fargo credit card account ending in x-1687, used for personal, family, and household purposes.

4.2     Defendant, CACH, is a large national junk debt buyer.

4.3     Junk debt buyers like CACH purchase large batches of consumer credit card accounts for as little as pennies on the dollar after those accounts are in default.

4.4     Junk debt buyers like CACH buy these batches of accounts "without recourse," because the buyer and seller in such transactions know the accounts are unenforceable.

4.5     Junk debt buyers like CACH typically have no proof of the existence or amount of these accounts other than a computerized list that the junk debt buyers generate and maintain themselves.

4.6     CACH directs the work of debt collection attorneys in jurisdictions across the United States to collect these junk debts.

4.7     Defendant, KENTWOOD, is a debt collection law firm and collection agency hired by CACH to collect the Wells Fargo debt allegedly owed by Plaintiff.

4.8     In July 2011, Defendants began calling Plaintiff to collect the Wells Fargo debt, and these calls continued until February 2012.

4.9     Defendants left several voicemail messages for Plaintiff in July 2011, before Plaintiff responded to them.

4.10    These voicemail messages did not indicate that Defendants were attempting to collect a debt or otherwise indicate the nature of Defendants' business, except that the calls were coming from "Kentwood Law Group."

4.11    Concerned about why a law firm was calling him, Plaintiff returned Defendants' calls on or about July 12, 2011, dialing 866-204-3786, ext. 210, and spoke to someone named "Greg."

PLAINTIFF'S COMPLAINT                                    4

Law Office of SaraEllen Hutchison, PLLC
107 S. Howard, Suite 230 | Spokane, WA 99201
Ph (509) 252-1899 | Fax (877) 485-4893

4.12    Because "Greg" told Plaintiff that "Greg" would "help" Plaintiff, Plaintiff provided his phone numbers before Plaintiff knew what "Greg's" purposes were.

4.13    After "Greg" manipulated Plaintiff into providing his cell phone, Vonage phone, and work numbers to Defendant, only then did "Greg" advise Plaintiff that the call was to collect a debt.

4.14    "Greg" then explained to Plaintiff that Plaintiff owed over $5000 on an account.

4.15    Plaintiff learned during the phone call that the account was a Wells Fargo credit card now claimed to be assigned to CACH.

4.16    "Greg" refused to provide Plaintiff with any detailed account information other than the last four digits, x-1687.

4.17    Plaintiff asked for something in writing proving the debt, but "Greg" refused.

4.18    Plaintiff explained that he had just escaped foreclosure and could not pay the debt to Defendants.

4.19    Plaintiff told "Greg" that Plaintiff could not take calls before 2:00 pm because Plaintiff works swing shift.

4.20    "Greg" said that Plaintiff would have to talk to a supervisor or adviser.

4.21    After a brief hold, a different person came on the phone, "Jeremy," who was immediately rude, threatening, and demanding to Plaintiff.

4.22    "Jeremy" demanded that Plaintiff pay over $3700 in the next half hour or Defendants would sue Plaintiff.

4.23    "Jeremy" was hostile to Plaintiff.

4.24    Plaintiff told "Jeremy" that Plaintiff could not come up with that amount of money in thirty minutes, let alone get it from Washington to California, where KENTWOOD is located.

4.25    Plaintiff told "Jeremy" that he could not pay all of the debt all at once.

PLAINTIFF'S COMPLAINT                                  5

Law Office of SaraEllen Hutchison, PLLC
107 S. Howard, Suite 230 | Spokane, WA 99201
Ph (509) 252-1899 | Fax (877) 485-4893

4.26    "Jeremy" told Plaintiff that Plaintiff could not make payments; that Plaintiff had to take or leave Defendants' final offer.

4.27    "Jeremy" then hung up on Plaintiff.

4.28    After Plaintiff told Defendants that he couldn't pay the debt, Defendants proceeded to call Plaintiff dozens of times over the next several months.

4.29    Often, Defendants called Plaintiff during a time of day when Defendants knew was inconvenient for Plaintiff, before 2:00 pm.

4.30    Defendants called Plaintiff using an automated dialer and a prerecorded voice on at least one occasion, and left a voicemail with a prerecorded voice.

4.31    Defendants used a variety of numbers when they called Plaintiff, including, 866-204-3786, 804-952-9899, 303-900-2933, 855-382-7828 and 909-568-0750.

4.32    Defendants called Plaintiff's Vonage phone number, 360-369-6372, and also Plaintiff's cell phone number, 360-300-8231.

4.33    Defendants left voicemails for Plaintiff multiple times, including on the following dates:

Tuesday, July 5, 2011
Wednesday, July 6, 2011
Thursday, July 7, 2011
Tuesday, July 12, 2011
Friday, July 29, 2011
Monday, August 1, 2011
Tuesday, August 2, 2011
Wednesday, August 3, 2011
Friday, August 5, 2011
Monday, August 8, 2011
Wednesday, August 10, 2011
Thursday, August 11, 2011
Friday, August 19, 2011
Monday, August 22, 2011
Friday, September 9, 2011

PLAINTIFF'S COMPLAINT                                    6

1

Wednesday, October 19, 2011

2

Wednesday, November 2, 2011

Tuesday, November 15, 2011

3

Wednesday, December 7, 2011

4

Wednesday, December 14, 2011

Friday, December 16, 2011

5

Wednesday, December 21, 2011

6

Thursday, January 12, 2012

Monday, January 16, 2012

7

Tuesday, January 17, 2012

Thursday, January 19, 2012

8

Tuesday, January 31, 2012

9

Wednesday, February 1, 2012

10

11

4.34    Defendants also called Plaintiff numerous other times, including the following instances, most of which did not include a voicemail message:

12

13

| Date | Time | Number called from |
|------|------|--------------------|
| Friday, July 8, 2011 | 9:55 AM | 804-952-9899 |
| Monday, July 11, 2011 | 10:21 AM | 804-952-9899 |
| Wednesday, July 13, 2011 | 11:09 AM | 804-952-9899 |
| Tuesday, July 19, 2011 | 11:05 AM | 804-952-9899 |
| Friday, July 22, 2011 | 12:09 PM | 804-952-9899 |
| Tuesday, July 26, 2011 | 11:02 AM | 804-952-9899 |
| Thursday, August 4, 2011 | 11:13 AM | 804-952-9899 |
| Thursday, August 4, 2011 | 11:55 AM | 804-952-9899 |
| Tuesday, August 9, 2011 | 8:08 AM | 909-568-0750 |
| Friday, August 12, 2011 | 11:05 AM | 804-952-9899 |
| Friday, August 12, 2011 | 12:47 PM | 909-568-0750 |
| Monday, August 15, 2011 | 10:21 AM | 804-952-9899 |
| Monday, August 22, 2011 | 9:00 AM | 909-568-0750 |
| Monday, August 22, 2011 | 12:43 PM | 909-568-0750 |
| Tuesday, August 23, 2011 | 12:28 PM | 804-952-9899 |
| Wednesday, August 24, 2011 | 11:43 AM | 804-952-9899 |
| Wednesday, August 24, 2011 | 1:47 PM | 909-568-0750 |
| Friday, August 26, 2011 | 11:31 AM | 804-952-9899 |

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S COMPLAINT                    7

Law Office of SaraEllen Hutchison, PLLC
107 S. Howard, Suite 230 | Spokane, WA 99201
Ph (509) 252-1899 | Fax (877) 485-4893

| | | |
|---|---|---|
| Monday, August 29, 2011 | 10:58 AM | 804-952-9899 |
| Thursday, September 1, 2011 | 9:22 AM | 804-952-9899 |
| Thursday, September 1, 2011 | 9:35 AM | 804-952-9899 |
| Wednesday, September 7, 2011 | 11:09 AM | 804-952-9899 |
| Thursday, September 8, 2011 | 11:47 AM | 804-952-9899 |
| Thursday, September 8, 2011 | 12:24 PM | 804-952-9899 |
| Saturday, September 10, 2011 | 10:27 AM | 804-952-9899 |
| Saturday, September 10, 2011 | 10:40 AM | 804-952-9899 |
| Monday, September 12, 2011 | 8:51 AM | 804-952-9899 |
| Tuesday, September 13, 2011 | 2:30 PM | 804-952-9899 |
| Tuesday, September 13, 2011 | 2:47 PM | 804-952-9899 |
| Wednesday, September 14, 2011 | 11:08 AM | 804-952-9899 |
| Wednesday, September 14, 2011 | 11:35 AM | 804-952-9899 |
| Thursday, September 15, 2011 | 1:08 PM | 804-952-9899 |
| Thursday, September 15, 2011 | 1:38 PM | 804-952-9899 |
| Friday, September 16, 2011 | 2:46 PM | 804-952-9899 |
| Monday, September 19, 2011 | 9:44 AM | 804-952-9899 |
| Monday, September 19, 2011 | 11:47 AM | 804-952-9899 |
| Tuesday, September 20, 2011 | 9:45 AM | 804-952-9899 |
| Tuesday, September 20, 2011 | 10:17 AM | 804-952-9899 |
| Wednesday, September 21, 2011 | 9:18 AM | 804-952-9899 |
| Wednesday, September 21, 2011 | 10:22 AM | 804-952-9899 |
| Thursday, September 22, 2011 | 10:05 AM | 804-952-9899 |
| Thursday, September 22, 2011 | 10:25 AM | 804-952-9899 |
| Monday, September 26, 2011 | 10:37 AM | 804-952-9899 |
| Tuesday, September 27, 2011 | 9:28 AM | 804-952-9899 |
| Wednesday, September 28, 2011 | 9:00 AM | 804-952-9899 |
| Thursday, September 29, 2011 | 8:45 AM | 804-952-9899 |
| Friday, September 30, 2011 | 8:28 AM | 804-952-9899 |
| Monday, October 3, 2011 | 9:34 AM | 804-952-9899 |
| Tuesday, October 4, 2011 | 10:22 AM | 804-952-9899 |
| Wednesday, October 5, 2011 | 8:58 AM | 866-204-3786 |
| Thursday, October 6, 2011 | 8:49 AM | 866-204-3786 |
| Wednesday, October 12, 2011 | 9:19 AM | 909-568-0750 |
| Wednesday, October 12, 2011 | 10:11 AM | 909-568-0750 |
| Thursday, October 13, 2011 | 9:07 AM | 804-952-9899 |
| Friday, October 14, 2011 | 10:06 AM | 804-952-9899 |

PLAINTIFF'S COMPLAINT                    8

Law Office of SaraEllen Hutchison, PLLC
107 S. Howard, Suite 230 | Spokane, WA 99201
Ph (509) 252-1899 | Fax (877) 485-4893

| | | |
|---|---|---|
| Monday, October 17, 2011 | 9:42 AM | 804-952-9899 |
| Tuesday, October 18, 2011 | 9:35 AM | 804-952-9899 |
| Wednesday, October 19, 2011 | 12:53 PM | 909-568-0750 |
| Thursday, October 20, 2011 | 9:38 AM | 804-952-9899 |
| Monday, October 24, 2011 | 10:16 AM | 804-952-9899 |
| Tuesday, October 25, 2011 | 8:36 AM | 804-952-9899 |
| Wednesday, October 26, 2011 | 8:46 AM | 804-952-9899 |
| Thursday, October 27, 2011 | 8:30 AM | 804-952-9899 |
| Friday, October 28, 2011 | 9:16 AM | 804-952-9899 |
| Saturday, October 29, 2011 | 10:35 AM | 804-952-9899 |
| Monday, October 31, 2011 | 8:44 AM | 804-952-9899 |
| Tuesday, November 1, 2011 | 8:41 AM | 804-952-9899 |
| Thursday, November 3, 2011 | 9:34 AM | 804-952-9899 |
| Friday, November 4, 2011 | 1:49 PM | 804-952-9899 |
| Monday, November 7, 2011 | 8:30 AM | 804-952-9899 |
| Tuesday, November 8, 2011 | 8:24 AM | 804-952-9899 |
| Wednesday, November 9, 2011 | 8:54 AM | 804-952-9899 |
| Thursday, November 10, 2011 | 8:12 AM | 804-952-9899 |
| Friday, November 11, 2011 | 8:24 AM | 804-952-9899 |
| Monday, November 14, 2011 | 8:00 AM | 804-952-9899 |
| Tuesday, November 15, 2011 | 11:25 AM | 866-204-3786 |
| Wednesday, November 16, 2011 | 8:18 AM | 804-952-9899 |
| Thursday, November 17, 2011 | 8:32 AM | 804-952-9899 |
| Friday, November 18, 2011 | 11:24 AM | 804-952-9899 |
| Monday, November 21, 2011 | 10:56 AM | 303-900-2933 |
| Tuesday, November 22, 2011 | 9:09 AM | 303-900-2933 |
| Monday, November 28, 2011 | 8:22 AM | 303-900-2933 |
| Tuesday, November 29, 2011 | 10:09 AM | 303-900-2933 |
| Wednesday, November 30, 2011 | 10:36 AM | 303-900-2933 |
| Thursday, December 1, 2011 | 10:40 AM | 303-900-2933 |
| Friday, December 2, 2011 | 12:20 PM | 303-900-2933 |
| Monday, December 5, 2011 | 2:07 PM | 303-900-2933 |
| Tuesday, December 6, 2011 | 2:51 PM | 303-900-2933 |
| Thursday, December 8, 2011 | 1:58 PM | 303-900-2933 |
| Friday, December 9, 2011 | 8:47 AM | 303-900-2933 |
| Monday, December 12, 2011 | 11:07 AM | 303-900-2933 |
| Tuesday, December 13, 2011 | 8:39 AM | 303-900-2933 |

PLAINTIFF'S COMPLAINT                                    9

| | | |
|---|---|---|
| Thursday, December 15, 2011 | 9:33 AM | 303-900-2933 |
| Monday, December 19, 2011 | 8:45 AM | 303-900-2933 |
| Tuesday, December 20, 2011 | 10:01 AM | 303-900-2933 |
| Thursday, December 22, 2011 | 10:37 AM | 303-900-2933 |
| Monday, December 26, 2011 | 8:59 AM | 303-900-2933 |
| Tuesday, December 27, 2011 | 8:40 AM | 303-900-2933 |
| Wednesday, December 28, 2011 | 8:31 AM | 303-900-2933 |
| Thursday, December 29, 2011 | 8:06 AM | 303-900-2933 |
| Friday, December 30, 2011 | 8:16 AM | 303-900-2933 |
| Wednesday, January 4, 2012 | 9:10 AM | 303-900-2933 |
| Thursday, January 5, 2012 | 9:01 AM | 303-900-2933 |
| Saturday, January 7, 2012 | 8:30 AM | 303-900-2933 |
| Tuesday, January 10, 2012 | 9:04 AM | 303-900-2933 |
| Wednesday, January 11, 2012 | 8:42 AM | 303-900-2933 |
| Thursday, January 12, 2012 | 8:26 AM | 855-382-7828 |
| Friday, January 13, 2012 | 8:46 AM | 303-900-2933 |
| Wednesday, January 18, 2012 | 9:21 AM | 303-900-2933 |

4.35    Most if not all of the voicemails did *not* identify Defendants as debt collectors, and simply stated that it was KENTWOOD LAW GROUP and ATTORNEY SUSAN BLUSH calling about a "matter."

4.36    The volume of calls was substantial.

4.37    Defendants called Plaintiff at least eight times during the weeks of: September 11, 2011 and September 18, 2011.

4.38    Defendants called Plaintiff at least seven times during the week of August 21, 2011.

4.39    Defendants called Plaintiff at least six times during the weeks of: July 31, 2011, August 7, 2011, September 4, 2011, October 23, 2011 and November 13, 2011.

4.40    Defendants called Plaintiff at least five times during the weeks of: July 3, 2011, July 10, 2011, September 25, 2011, October 16, 2011, October 30, 2011, November 6, 2011,

PLAINTIFF'S COMPLAINT                               10

Law Office of SaraEllen Hutchison, PLLC
107 S. Howard, Suite 230 | Spokane, WA 99201
Ph (509) 252-1899 | Fax (877) 485-4893

November 27, 2011, December 4, 2011, December 11, 2011, December 25, 2011 and January 8, 2012.

4.41    Defendants called Plaintiff at least <u>four</u> times during the weeks of: October 2, 2011, October 9, 2011, December 18, 2011 and January 15, 2011.

4.42    Defendants called Plaintiff more than once per day on multiple different days, including: July 6, 2011, August 24, 2011, September 1, 8, 10, 13, 14, 14, 19, 20, 21, and 22, 2011, October 12, 2011, October 19, 2011, November 15, 2011, and January 12, 2012.

4.43    In all, Defendants left over two dozen voicemails for Plaintiff, and called Plaintiff over 100 times.

4.44    After his first live conversation with a representative of Defendants was so unpleasant, Plaintiff was unwilling to face dealing with another of Defendants' representatives, especially given that several of the subsequent voicemails were threatening in tone and content.

4.45    The July 7, 2011, July 12, 2011, August 11, 2011, and August 19, 2011 voicemails stated, in relevant part, that it was "Daniel Escarcega" [sic] from KENTWOOD, who asked Plaintiff to call him back, or to call Attorney Susan Blush directly at extension 234, which led Plaintiff to wonder if he was about to be sued because the voicemail invited him to contact the attorney.

4.46    The August 5, 2011 voicemail, from "Daniel Escarcega" calling from "the Law Office of Kentwood Law Group" stated to Plaintiff that "since you spoke to one of the managers here...and there was no agreement or happy medium in the conversation I have spoken to attorney Susan Blush regarding the matter," which made Plaintiff afraid that he was about to be sued.

4.47    The November 2, 2011 voicemail, from "Natasha" with KENTWOOD, stated that "Natasha" "had been advised to get in touch with you regarding a matter in our firm" that

PLAINTIFF'S COMPLAINT                                    11

1

2 "unfortunately" had been "escalated" to her attention, which led Plaintiff to wonder what
would happen to him since the matter had been "escalated."

3

4.48     The January 12, 2012 voicemail from "Emir" [sic] stated, ominously, that

4 attorney Susan Blush had "advised" "Emir" to get in contact with Plaintiff regarding "a matter

5 that has come up at our law firm," leading Plaintiff to wonder if there was something new and

6 urgent.

7

4.49     The January 16, 2012 voicemail was especially threatening; it stated, in a very

8 stern tone of voice:

9

10 *Tim, how are you sir? This is Shawn Williams [...] follow up courtesy call from a*
*company you're probably very familiar with called the Kentwood Law Group,*

11 *known as the law office of attorney Susan Blush, there's a matter sir that has*
*come up here in our law office, Tim, that I do not believe that you're aware of,*

12 *we've been desperately trying to get in contact with you in regards with this*

13 *matter since June of last year, we've left numerous messages for you sir, here it is*
*now a new year, a new month, just giving you every opportunity to call*

14 *in and handle this matter on a voluntary basis but you have not,*

15 *since then your file has now been escalated to my desk by attorney*
*Susan Blush, the phone number here again is 855-382-7828, again 855-382-*

16 *7828 and my direct extension is 110 and this is the law office of Susan Blush and*

17 *my name is Shawn.* (Emphasis added.)

18     4.50     The January 31, 2012 voicemail was also threatening to Plaintiff:

19 ***Wish that voicemail message was true, Mr. Ruge.*** *This is the Kentwood*

20 *Law Group Law Office of Attorney Susan Blush, sir, we've been calling you now*
*since June of last year, regarding this matter that has **escalated** here in the law*

21 *office.* ***Given you every opportunity to call and handle this on a***

22 ***voluntary basis, which you have not.*** *The phone number here to the Law*
*Office of Susan Blush regarding this matter again is 855-382-7828 [...] extension*

23 *124. This is the law office of attorney Susan Blush. Thank you.* (Emphasis

24 added.)

25     4.51     Defendants accused Plaintiff of lying in his voicemail greeting.
PLAINTIFF'S COMPLAINT                          12

26 Law Office of SaraEllen Hutchison, PLLC
107 S. Howard, Suite 230 | Spokane, WA 99201
Ph (509) 252-1899 | Fax (877) 485-4893

4.52    Defendants threatened Plaintiff, saying the matter had "escalated," implying that the attorney, Susan Blush, was going to take legal action.

4.53    Defendants threatened Plaintiff, saying they had given him the opportunity to handle the matter "voluntarily," leaving Plaintiff to wonder what Defendants would do to compel Plaintiff against his will to pay a debt that he could not pay.

4.54    On January 17, 2012, the voicemail was from an automated dialer using a pre-recorded voice; that message stated:

> *Hello, this is a call for Timothy Ruge. If this is Timothy Ruge, please press 1 now. If this is not Timothy Ruge, please press 2 now. Once again, if this is Timothy Ruge, please press 1 now. If this is not Timothy Ruge, please press 2 now. [pause] This is a private and confidential message for Timothy Ruge. If you are not Timothy Ruge please hang up now. By listening to this message for the next few moments you are acknowledging that you are Timothy Ruge. This is the Kentwood Law Group, this firm collects debt and the information obtained will be used for that purpose. Please contact us back at 855-382-7828 [...] thank you, goodbye.*

4.55    The prerecorded message did not, at the beginning of the message, state clearly the identity of the business that was responsible for initiating the call.

4.56    The prerecorded phone message did not, at the beginning of the message, state the name under which the business is registered to conduct business in Washington.

4.57    The prerecorded message did not, at the beginning of the message, state clearly the phone number of the entity that placed the call.

4.58    Plaintiff never consented to contact via prerecorded phone calls or via automated dialing systems.

4.59    Defendants also called Plaintiff's elderly mother at her home on at least three separate occasions, even though Plaintiff's mother told Defendants that Plaintiff was not there and to stop calling.

Law Office of SaraEllen Hutchison, PLLC
107 S. Howard, Suite 230 | Spokane, WA 99201
Ph (509) 252-1899 | Fax (877) 485-4893

4.60    Defendants also called Plaintiff's place of employment twice.

4.61    Plaintiff suffered intense stress because of Defendants' acts, conduct, and business practices.

4.62    Plaintiff prays that Defendants are never allowed to engage in such acts, conduct, or business practices against any Washington consumer ever again.

## V. FAIR DEBT COLLECTION PRACTICES ACT VIOLATION

### (Application of the Statute)

5.1.    Plaintiff re-alleges paragraphs 1 through 4, inclusive as though fully set forth herein.

5.2.    Pursuant to the Fair Debt Collection Practices Act (FDCPA), a "consumer" or "debtor" means "any natural person obligated or allegedly obligated to pay any debt."   15 U.S.C. § 1692a(3).

5.3.    Pursuant to the FDCPA, the term "debt" means: "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

5.4.    Pursuant to the FDCPA, the term "debt collector" means: "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

5.5.    Defendant CACH is not an original creditor and uses interstate commerce and the mails to collect defaulted consumer debts, and so therefore, CACH is a "debt collector" as defined by the FDCPA.

PLAINTIFF'S COMPLAINT                    14

Law Office of SaraEllen Hutchison, PLLC
107 S. Howard, Suite 230 | Spokane, WA 99201
Ph (509) 252-1899 | Fax (877) 485-4893

5.6.    The FDCPA also applies to attorneys who "regularly" attempt to collect third party debts. (See Fox v. Citicorp Credit Servs., Inc., 15 F.3d 1507 (9th Cir. 1994)).

5.7.    An attorney is a "collection attorney" or "debt collector" and "regularly" collects the debts of another if the volume of his collection cases is high, regardless of what percent of his practice the collection cases actual represent. (See Garrett v. Derbes, 110 F.3d 317 (5th Cir. 1997); holding that an attorney who collected against 639 different individuals in a nine-month period satisfied the requirement that he "regularly" collected debts for another although those 639 cases only represented .5% of his practice. He was regularly collecting consumer debts because that volume was great enough to meet the threshold.).

5.8.    Defendant KENTWOOD is a collection law firm that exists for the purpose of running a collection agency.

5.9.    On information and belief, KENTWOOD's practice is exclusively third party debt collection.

5.10.    Therefore, the FDCPA applies in this case because the Plaintiff is a "debtor," the debt at the heart of this case is a "consumer debt," which arose from a transaction in which the services are primarily for personal, family, or household purposes, and the Defendants are "debt collectors" which attempted to collect a debt owed to a third party.

## VI.    FIRST CAUSE OF ACTION

Fair Debt Collection Practices Act Violation

(False, Deceptive, or Misleading Representations – Unfair & Unconscionable Acts)

6.1    Plaintiff re-alleges paragraphs 1 through 5, inclusive as though fully set forth herein.

//

//

PLAINTIFF'S COMPLAINT                     15

Law Office of SaraEllen Hutchison, PLLC
107 S. Howard, Suite 230 | Spokane, WA 99201
Ph (509) 252-1899 | Fax (877) 485-4893

6.2     The FDCPA states in pertinent part: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

6.3     The FDCPA is a strict liability statute, liberally construed to protect consumers from unfair and deceptive debt collection practices. See, Clark v. Capital Credit & Collection Serv., 460 F. 3d 1162, 1176, n. 11 (9th Cir. 2006).

6.4     The act *broadly* prohibits "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10). (See, Baker v. G.C. Servs. Corp., 677 F.2d 775, 778 (9th Cir. 1982)).

6.5     The act further states that the following conduct is a violation of section 1692e: "The false representation of the character, amount, or legal status of a debt.___." 15 U.S.C. § 1692e(2).

6.6     The act further states that the following conduct is a violation of section 1692e: "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

6.7     15 U.S.C. § 1692e(5) is violated by taking an illegal action, as well as by threatening it; see, Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235, 1247 (W.D. Wash. 2006) (to rule otherwise "would provide more protection to debt collectors who violate the law than those who merely threaten or pretend to do so").

6.8     The act further states that the following conduct is a violation of section 1692e: "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

// 

PLAINTIFF'S COMPLAINT                    16

Law Office of SaraEllen Hutchison, PLLC
107 S. Howard, Suite 230 | Spokane, WA 99201
Ph (509) 252-1899 | Fax (877) 485-4893

6.9     And, 15 U.S.C. § 1692e(11) requires disclosure that a debt collector is a debt collector.

6.10    The FDCPA also states: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

6.11    Defendants left multiple voicemails for Plaintiff that did not disclose that Defendants are debt collectors, in violation of § 1692e(11).

6.12    Defendants pretended to be "helping" Plaintiff in order to manipulate Plaintiff into providing his phone numbers, which is using deceptive means to collect a debt and obtain information from a consumer in violation of § 1692e(10).

6.13    Defendants threatened to sue Plaintiff if he did not come up with $3700 in thirty minutes, which threatens a legal action that is not intended to be taken in violation of § 1692e(5), and misrepresents the legal status of the debt in violation of § 1692e(2).

6.14    Defendants left multiple voicemails for Plaintiff inviting him to call attorney Susan Blush directly, which falsely implied that legal action would soon be taken by KENTWOOD on behalf of CACH, in violation of § 1692e(2) and § 1692e(5).

6.15    Defendants left multiple voicemails for Plaintiff stating that the matter had been "escalated" by attorney Susan Blush, which falsely implied that legal action would soon be taken by KENTWOOD on behalf of CACH, in violation of § 1692e(2) and § 1692e(5).

6.16    Defendants' multiple voicemails stating that the matter had been "escalated" also falsely characterized the legal status of the debt and threatened unintended action in violation of in violation of § 1692e(2) and § 1692e(5).

6.17    In fact, KENTWOOD never sued Plaintiff on behalf of CACH.

6.18    The threats and insinuations described above were unfair and unconscionable in violation of in violation of § 1692f.

PLAINTIFF'S COMPLAINT                    17

Law Office of SaraEllen Hutchison, PLLC
107 S. Howard, Suite 230 | Spokane, WA 99201
Ph (509) 252-1899 | Fax (877) 485-4893

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

6.19   Plaintiff was injured by Defendants' actions in that he suffered intense stress and emotional upset from being one of the unfortunate targets of Defendants' unfair and deceptive acts.

6.20   Plaintiff was injured by Defendants' actions in that the time Plaintiff has spent on this issue has taken Plaintiff's time away from other, more economically productive activities.

6.21   Defendants' actions were a direct and proximate cause of Plaintiff's injuries and damages.

6.22   Defendants' actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

6.23   Defendants' actions illustrate why an injunction is necessary to protect Plaintiff and other Washington debtors and consumers from similar harm.

## VII.   SECOND CAUSE OF ACTION
### Fair Debt Collection Practices Act Violation
### (Notice Violation)

7.1.   Plaintiff re-alleges paragraphs 1 through 6, inclusive as though fully set forth herein.

7.2.   Within five days of initial communication with a debtor, a debt collector must provide a written debt validation notice. 15 U.S.C. § 1692g(a).

7.3.   The notice must inform the consumer that he has thirty days from receipt of the initial communication to: 1) challenge a debt before it is assumed valid, 2) demand verification of the debt, or 3) request the name and address of the original creditor. 15 U.S.C. § 1692g(a)(3)-(5).

Law Office of SaraEllen Hutchison, PLLC
107 S. Howard, Suite 230 | Spokane, WA 99201
Ph (509) 252-1899 | Fax (877) 485-4893

7.4.    Defendants failed or refused to provide Plaintiff with notice of Plaintiff's rights under 15 U.S.C. § 1692g(a).

7.5.    Defendants refused to provide anything in writing to Plaintiff about the debt.

7.6.    Plaintiff had no opportunity to dispute the debt or request validation of the debt.

7.7.    Plaintiff was injured by Defendants' actions in that he suffered intense stress and emotional upset from being the unfortunate target of Defendants' unfair acts and business practices.

7.8.    Defendants' actions are a direct and proximate cause of Plaintiff's injuries.

7.9.    Defendants' actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

7.10.   Plaintiff was injured by Defendants' actions in that the time Plaintiff has spent on this issue has taken Plaintiff's time away from other, more economically productive activities.

7.11.   Defendants' actions illustrate why an injunction is necessary to protect Plaintiff and other Washington debtors from similar harm.

## VIII.   THIRD CAUSE OF ACTION

### Fair Debt Collection Practices Act Violation

#### (Harassment)

8.1    Plaintiff re-alleges paragraphs 1 through 7, inclusive as though fully set forth herein.

8.2    "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d.

PLAINTIFF'S COMPLAINT                    19

Law Office of SaraEllen Hutchison, PLLC
107 S. Howard, Suite 230 | Spokane, WA 99201
Ph (509) 252-1899 | Fax (877) 485-4893

8.3    The act specifically prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5).

8.4    The act specifically prohibits "the placement of telephone calls without meaningful disclosure of the caller's identity." 15 U.S.C. §1692d(6).

8.5    "Meaningful disclosure of the caller's identity" includes the caller's name, the debt collector's name, and the nature of the debt collector's business. (See, Hosseinzadeh v. M.R.S. Associates, Inc., 387 F. Supp. 2d 1104, 1112 (C.D. Cal. 2005)).

8.6    The act also prohibits "The use or threat of violence or other criminal means to harm the physical person, reputation, or property of any person." 15 U.S.C. §1692d(1).

8.7    Defendants called Plaintiff literally dozens of times to collect a debt which Plaintiff told Defendants he could not pay, which can only be intended to annoy, abuse, and harass Plaintiff.

8.8    Defendants left multiple voicemails for Plaintiff that indicated only that it was someone calling from "The Kentwood Law Group" and/or the "law office of attorney Susan Blush," which failed to disclose the name of the debt collector claiming to have title to the debt, CACH.

8.9    Defendants left multiple voicemails for Plaintiff that indicated only that it was someone calling from "The Kentwood Law Group" and/or the "law office of attorney Susan Blush," about a "matter," which failed to disclose the nature of Defendants' business.

8.10    When Defendants left voicemails stating that they had given him the opportunity to handle the matter "voluntarily," these messages violated 1692d(1) because they suggested that Defendants intended to compel Plaintiff's payment against Plaintiff's will using violence or other criminal means.

PLAINTIFF'S COMPLAINT                            20

Law Office of SaraEllen Hutchison, PLLC
107 S. Howard, Suite 230 | Spokane, WA 99201
Ph (509) 252-1899 | Fax (877) 485-4893

8.11    Plaintiff was injured by Defendants' actions in that he suffered intense stress and emotional upset from being the unfortunate target of Defendants' unfair acts and business practices.

8.12    Defendants' actions are a direct and proximate cause of Plaintiff's injuries.

8.13    Defendants' actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

8.14    Plaintiff was injured by Defendants' actions in that the time Plaintiff has spent on this issue has taken Plaintiff's time away from other, more economically productive activities.

8.15    Defendants' actions illustrate why an injunction is necessary to protect Plaintiff and other Washington debtors from similar harm.

## IX.    FOURTH CAUSE OF ACTION

### Fair Debt Collection Practices Act

### (Communication Violations)

9.1    Plaintiff re-alleges paragraphs 1 through 8, inclusive as though fully set forth herein.

9.2    A debt collector may not communicate with a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer." 15 U.S.C. §1692c(a)(1).

9.3    Additionally, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, or a consumer reporting agency. 15 U.S.C. §1692c(b) (emphasis added.)

9.4    The FDCPA does have an exception that allows collectors to communicate with a third party to obtain "location information." 15 U.S.C. §1692b.

PLAINTIFF'S COMPLAINT                                21

Law Office of SaraEllen Hutchison, PLLC
107 S. Howard, Suite 230 | Spokane, WA 99201
Ph (509) 252-1899 | Fax (877) 485-4893

9.5     That provision states, however, that "Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall— 1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer...." 15 U.S.C. §1692b(1) (emphasis added).

9.6     Defendants called Plaintiff before 2:00 pm on multiple occasions, which was at a time that Defendants knew was inconvenient for Plaintiff.

9.7     Defendants called Plaintiff's mother at her home on more than one occasion after Plaintiff's mother told Defendants that Plaintiff was not there.

9.8     Defendants called Plaintiff's workplace at least twice.

9.9     Defendants had no reason to call any third parties in this case, because Defendants had already located Plaintiff.

9.10    Plaintiff was injured by Defendants' actions in that he suffered intense stress and emotional upset from being the unfortunate target of Defendants' unfair acts and business practices.

9.11    Defendants' actions are a direct and proximate cause of Plaintiff's injuries.

9.12    Defendants' actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

9.13    Plaintiff was injured by Defendants' actions in that the time Plaintiff has spent on this issue has taken Plaintiff's time away from other, more economically productive activities.

9.14    Defendants' actions illustrate why an injunction is necessary to protect Plaintiff and other Washington debtors from similar harm.

        //

PLAINTIFF'S COMPLAINT                    22

## X.   FIFTH CAUSE OF ACTION

(Telephone Consumer Protection Act)

10.1    Plaintiff re-alleges paragraphs 1 through 9, inclusive as though fully set forth herein.

10.2    The Telephone Consumer Protection Act (TCPA) states in pertinent part: "It shall be unlawful for any person within the United States...to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party...." 47 U.S.C. § 227(b)(1)(B).  (See Satterfield v. Simon & Schuster, Inc., 569 F. 3d 946 (9th Cir. 2009); Palmer v. Sprint Nextel Corp., 674 F.Supp.2d 1224, 1226-1227 (W.D. Wash. Dec. 7, 2009); Sengenberger v. Credit Control Services, Inc., U.S. Dist. LEXIS 43874 (N.D. Ill. May 5, 2010)).

10.3    An important Congressional purpose for the TCPA is protecting the privacy of consumers. (See Palmer v. Sprint Nextel Corp., 674 F.Supp.2d 1224, 1226 (W.D. Wash. Dec. 7, 2009); Satterfield v. Simon & Schuster, Inc., 569 F. 3d 946, 954 (9th Cir. 2009)).

10.4    Prerecorded messages which are a "telephone solicitation" or "unsolicited advertisement" are excepted from the TCPA, but they must, at the beginning of the message, state clearly the identity of the business, person, or entity that is responsible for initiating the call, the name under which the business is registered to conduct business in the state the caller is calling into, and the telephone number of the entity that placed the call.   47 C.F.R. 64.1200(b)(1) – (2).

10.5    On January 17, 2012, Defendants placed a call to Plaintiff using an automated dialing system, and left a prerecorded message for Plaintiff.

10.6    The prerecorded message did not clearly state, at the beginning of the message, the caller's identity, the identity of the business, the name under which the business is

PLAINTIFF'S COMPLAINT                                   23

registered to conduct business in Washington, and the telephone number of the entity that placed the call.

10.7    The caller was not identified.

10.8    Plaintiff never consented to phone calls from an automated dialing system using a prerecorded message.

10.9    Defendants willfully and knowingly violated 47 U.S.C. §227(b)(1)(A) by calling Plaintiff's phone using an automated telephone dialing system and a prerecorded voice.

10.10   Defendants willfully and knowingly violated a regulation prescribed under 47 U.S.C., namely C.F.R. 64.1200, by playing a prerecorded message that did not clearly state the names under which Defendants are registered to conduct business in Washington State, without stating the name of the person or entity calling, and without clearly stating Defendants' telephone number at the beginning of the message.

10.11   Defendants' actions are a direct and proximate cause of Plaintiff's injuries.

10.12   Defendants' actions illustrate why an injunction is necessary to prevent Defendants from injuring Plaintiff, or any other Washington consumer, with similar practices in the future.

## XI.    SIXTH CAUSE OF ACTION

### (Washington State Collection Agency Act)

11.1    Plaintiff re-alleges paragraphs 1 through 10, inclusive as though fully set forth herein.

11.2    The Washington Collection Agency Act makes it a prohibited practice for a collector to "Give or send to any debtor or cause to be given or sent to any debtor, any notice, letter, message, or form which represents or implies that a claim exists unless it shall indicate in clear and legible type" specific details about the alleged debt. 19.16.250(8).

PLAINTIFF'S COMPLAINT                                        24

Law Office of SaraEllen Hutchison, PLLC
107 S. Howard, Suite 230 | Spokane, WA 99201
Ph (509) 252-1899 | Fax (877) 485-4893

11.3    Specifically, RCW 19.16.250(8)(a) requires that the collector include the "the name of the licensee and the city, street, and number at which he is licensed to do business" in its communication to the debtor.

11.4    Furthermore, RCW 19.16.250(8)(c) states that "If the notice, letter, message, or form is the first notice to the debtor or if the licensee is attempting to collect a different amount than indicated in his or its first notice to the debtor, an itemization of the claim asserted must be made...."

11.5    RCW 19.16.250(8)(c) goes on to state that the itemization of the claim must include, in relevant part: "(i) Amount owing on the original obligation at the time it was received by the licensee for collection or by assignment; (ii) Interest or service charge, collection costs, or late payment charges, if any, added to the original obligation by the original creditor, customer or assignor before it was received by the licensee for collection, if such information is known by the licensee or employee.... (iii) Interest or service charge, if any, added by the licensee or customer or assignor after the obligation was received by the licensee for collection; (iv) Collection costs, if any, that the licensee is attempting to collect; (v) Attorneys' fees, if any, that the licensee is attempting to collect on his or its behalf or on the behalf of a customer or assignor; (vi) Any other charge or fee that the licensee is attempting to collect on his or its own behalf or on the behalf of a customer or assignor."

11.6    Additionally, RCW 19.16.250(13) states that it is a prohibited practice for a collector to: "Communicate with a debtor or anyone else in such a manner as to harass, intimidate, threaten, or embarrass a debtor, including but not limited to communication at an unreasonable hour, with unreasonable frequency...."

11.7    RCW 19.16.250(13) goes on to list the kinds of communications that "shall be presumed to have been made for the purposes of harassment." (Emphasis added.)

PLAINTIFF'S COMPLAINT                                  25

11.8    Under RCW 19.16.250(13)(a) a communication is presumptively for the purpose of harassment if "It is made with a debtor or spouse in any form, manner, or place, more than three times in a single week, unless the licensee is responding to a communication from the debtor or spouse." (Emphasis added.)

11.9    In all of Defendants' many communications to Plaintiff, Defendant has failed or refused to provide Plaintiff with the details about the debt that are required by RCW 19.16.250(8).

11.10   In violation of RCW 19.16.250(13)(a), Defendant called Plaintiff at least eight times during the weeks of: September 11, 2011 and September 18, 2011.

11.11   In violation of RCW 19.16.250(13)(a), Defendants called Plaintiff at least seven times during the week of August 21, 2011.

11.12   In violation of RCW 19.16.250(13)(a), Defendants called Plaintiff at least six times during the weeks of: July 31, 2011, August 7, 2011, September 4, 2011, October 23, 2011 and November 13, 2011.

11.13   In violation of RCW 19.16.250(13)(a), Defendants called Plaintiff at least five times during the weeks of: July 3, 2011, July 10, 2011, September 25, 2011, October 16, 2011, October 30, 2011, November 6, 2011, November 27, 2011, December 4, 2011, December 11, 2011, December 25, 2011 and January 8, 2012.

11.14   In violation of RCW 19.16.250(13)(a), Defendants called Plaintiff at least four times during the weeks of: October 2, 2011, October 9, 2011, December 18, 2011 and January 15, 2011.

11.15   Defendants called Plaintiff more than once per day on multiple different days, including: July 6, 2011, August 24, 2011, September 1, 8, 10, 13, 14, 14, 19, 20, 21, and 22,

PLAINTIFF'S COMPLAINT                              26

2011, October 12, 2011, October 19, 2011, November 15, 2011, and January 12, 2012, in violation of RCW 19.16.250(13).

11.16   Defendants left over two dozen voicemails for Plaintiff, in violation of RCW 19.16.250(13).

11.17   Defendants violated RCW 19.16.250(13) by placing at least one call to Plaintiff using an automated dialing system and a prerecorded message.

11.18   Defendants violated RCW 19.16.250(13) by threatening Plaintiff, stating that Plaintiff had not responded "voluntarily" which implied that Defendants would do something to compel Plaintiff to act against Plaintiff's will.

11.19   Plaintiff was injured by Defendants' actions in that Plaintiff was forced to take the time to investigate Defendants' actions against Plaintiff in order to protect Plaintiff's property interests.

11.20   Plaintiff's time spent dealing with Defendants has taken Plaintiff's time away from other, more economically productive activities.

11.21   These collection phone calls to Plaintiff could only be intended to embarrass, intimidate, and harass Plaintiff.

11.22   RCW 19.16.440 states that violation of RCW 19.16 is a *per se* violation of the Washington State Consumer Protection Act.

11.23   Defendants violated both statutes by engaging in multiple practices and committing various acts against Plaintiff that are prohibited by RCW 19.16.250.

11.24   Defendants' actions are a direct and proximate cause of Plaintiff's injuries.

11.25   Defendants' actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

PLAINTIFF'S COMPLAINT                          27

11.26   Defendants' actions illustrate why an injunction is necessary to protect Plaintiff and other Washington debtors/consumers from similar harm.

## XII.   SEVENTH CAUSE OF ACTION

### (*Per Se* Consumer Protection Act Violation)

12.1   Plaintiff re-alleges paragraphs 1 through 11, inclusive as though fully set forth herein.

12.2   Washington's CPA states: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020.

12.3   The Washington CPA applies to the actions at issue herein because the Plaintiff is a "consumer" and the Defendants are both "businesses," the complaint involves conduct which occurred in the course of trade/commerce, the Plaintiff was damaged in his property by Defendants' actions, and the complaint involves a matter of public interest which is capable of repetition and will likely affect other consumers in this state.

12.4   Additionally, Defendants engaged in multiple unfair practices explicitly prohibited by the Washington Collection Agency Act under RCW 19.16.250.

12.5   The Collection Agency Act states that such collection violations are *per se* violations of the Consumer Protection Act.  RCW 19.16.440.

12.6   Plaintiff was harassed for months in violation of RCW 19.16.250(13).

12.7   Plaintiff was never provided any detail about the debt, in violation of RCW 19.16.250(8).

12.8   Plaintiff was injured by Defendants' actions.

12.9   Defendants' actions are a direct and proximate cause of Plaintiff's injuries.

PLAINTIFF'S COMPLAINT                                28

12.10  Defendants' actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

12.11  Defendants' actions illustrate why an injunction is necessary to protect Plaintiff and other Washington debtors from similar harm.

## XIII.  EIGHTH CAUSE OF ACTION

(Consumer Protection Act Violation – *In the Alternative*)

13.1  Plaintiff re-alleges paragraphs 1 through 12, inclusive as though fully set forth herein.

13.2  In the alternative, to determine what constitutes an unfair act or practice under Washington's CPA, Washington courts look to the various federal statutes dealing with similar matters.  Lightfoot v. MacDonald, 86 Wn.2d 331, 335, 544 P.2d 88 (1976).  The court in Lightfoot stated:

> ...we are directed by the statute to look to "the various federal statutes dealing with the same or similar matters" in resolving questions which arise under the state act.

Lightfoot at 335.

13.3  One such federal statute which Washington courts look to in determining if a particular act is unfair under Washington's CPA, is the Federal Trade Commission Act, after which Washington's CPA was modeled, and which states: "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful."  15 U.S.C. §45(a)(1).

13.4  The Fair Debt Collection Practices Act, which proscribes specific unfair acts when collecting debts, is another statute that courts have examined to determine if an act is unfair and violates of the state Consumer Protection Act.  15 U.S.C. §1692 et seq.

//

PLAINTIFF'S COMPLAINT                    29

Law Office of SaraEllen Hutchison, PLLC
107 S. Howard, Suite 230 | Spokane, WA 99201
Ph (509) 252-1899 | Fax (877) 485-4893

13.5    In addition to examining federal statutes to determine if a specific act is unfair and violates of the state CPA, Washington Courts also give great weight to Federal Trade Commission (FTC) interpretations of conduct that is unfair or deceptive. Testo v. Dunmire Oldsmobile, Inc., 554 P.2d 349 (1976) citing Tradewell Stores, Inc. v. T. B. & M., Inc., 7 Wn. App. 424, 500 P.2d 1290 (1972); (examining cases arising under the Federal Trade Commission Act), 15 U.S.C. §45; and RCW 19.86.920.

13.6    In Testo, the court stated:

> The courts of this state are specifically directed to "be guided by" federal court interpretations of those various federal statutes after which our Consumer Protection Act is patterned. Testo at 350.

13.7    Based on the above federal and state statutes and case law, this Court should use the FDCPA standards of unfair and deceptive practices to determine if the Defendants violated Washington's CPA in this case.

13.8    Under the FDCPA, it is an unfair act/practice to harass a consumer, to communicate with third parties when the debt collector has already located the consumer, to fail to provide the consumer with notice of his rights, to threaten a debtor with actions the collector does not intend to take or cannot take at the time the threat is made, or to engage in any other acts that are unfair or deceptive.

13.9    In this case, Defendants violated the FDCPA and the Washington Collection Agency Act by harassing Plaintiff for months, threatening unintended legal action, and by engaging in multiple other unfair and deceptive acts and practices while attempting to collect the subject debt.

13.10   Where Defendants' collection attempts are unfair and deceptive acts or practices in violation of the FDCPA and the Washington State Collection Agency Act, Defendants' collection attempts are likewise unfair acts or practices under this state's Consumer Protection Act.

PLAINTIFF'S COMPLAINT                                              30

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

13.11   Therefore, Defendants committed unfair acts or practices in the conduct of trade or commerce and violated the Washington State Consumer Protection Act (CPA) as codified in RCW 19.86, et seq., where Defendants' collection acts and practices violated the Federal Collection Statute (FDCPA).

13.12   Plaintiff was injured by Defendants' actions.

13.13   Defendants' actions are a direct and proximate cause of Plaintiff's injuries.

13.14   Defendants' actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

13.15   Defendants' actions illustrate why an injunction is necessary to protect Plaintiff and other Washington debtors from similar harm.

## XIV.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment to be entered against the Defendants as follows:

A.      For an Injunction preventing Defendants from ever again contacting Plaintiff for any reason whatsoever, pursuant to RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

B.      For an Injunction preventing Defendants from ever again collecting upon the subject debt, pursuant to RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

PLAINTIFF'S COMPLAINT                          31

C.     For an Injunction preventing Defendants from ever selling, transferring, or assigning this debt, pursuant to RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

D.     For an Injunction preventing the licensee, the customer of the licensee, or any other person who may hereafter legally seek to collect on this claim, from ever being allowed to recover any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtor on such claim, pursuant to RCW 19.16.450, RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

E.     For an Injunction preventing Defendants from placing further telephone calls to any phone number belonging to Plaintiffs pursuant to 47 U.S.C. §227(b)(3)(A);

F.     For an Injunction preventing Defendants from telephoning any Washington State consumer, debtor, or citizen more than 3 times in any given week, pursuant to RCW 19.16.450, RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

G.     For an Injunction preventing Defendants from telephoning any Washington State citizen with intent to harass or abuse a consumer or debtor, pursuant to RCW 19.16.450,

PLAINTIFF'S COMPLAINT                                    32

Law Office of SaraEllen Hutchison, PLLC
107 S. Howard, Suite 230 | Spokane, WA 99201
Ph (509) 252-1899 | Fax (877) 485-4893

RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

H.      For Actual and Compensatory damages in an amount to be proven at trial, pursuant to RCW 19.86 et seq., 15 U.S.C. § 1692 et seq., and various common law claims;

I.      For Statutory damages in the amount of $1,000, pursuant to 15 U.S.C. §1692 et seq. and Harvey v. United Adjusters, 509 F. Supp. 1218, 1222 (D. Or. 1981) ("in an aggravated case of persistent and repeated illegal practices, the full $1,000 should be awarded");

J.      For Statutory damages in the amount of $500 pursuant to 47 U.S.C. §227(b)(3)(B) per each violation, to be proven at trial;

K.      For treble Statutory damages in the amount of $1,500 pursuant to 47 U.S.C. §227(b)(3) per each knowing and willful violation, to be proven at trial;

L.      For Incidental and Consequential damages in an amount to be proven at trial;

M.      For treble Plaintiff's "actual" damages up to the amount of $25,000, pursuant to RCW 19.86 et seq.;

N.      For costs and reasonable attorney's fees in an amount to be proven at trial pursuant to 15 U.S.C. § 1692 et seq. and RCW 19.86 et seq.;

O.      For interest on the above amounts as authorized by law;

P.      For other relief as the Court deems just and equitable; and

Q.      For leave to amend this complaint as needed and as required.

R.      For leave to seek Civil Rule 23(b) status if information becomes available through discovery supporting the need for class action status.

PLAINTIFF'S COMPLAINT                                33

1

## XV.   REQUEST FOR TRIAL BY JURY

2

Plaintiff hereby requests a trial by jury pursuant to U.S. Const. Amend. 7 and

3

Washington Superior Court Civil Rule 38.

4

5

Dated this _____29_____ th day of June, 2012.

6

7

Respectfully submitted,

8

9

_____

SARAELLEN HUTCHISON (WSBA #36137)

10

Law Office of SaraEllen Hutchison, PLLC

107 S. HOWARD ST. SUITE 230

11

Spokane, Washington 99201

Telephone: (509) 252-1899

12

Facsimile: (877) 485-4893

saraellen@saraellenhutchison.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S COMPLAINT                              34

Align top of FedEx Express® shipping label here.

carbon-neutral
shipping

RT 428 17 1ST

FedEx Express

☑ 1st Attempt
1er Intento  ☐ 2nd Attempt
2do Intento  ☐ Final Attempt
Último Intento  Date/Dia 1-7  Time/Hora 946

ORIGIN ID: GEGA (509) 990-0797
HUTCHISON LAW OFFICE

107 S HOWARD ST STE 230

SPOKANE, WA 992013812
UNITED STATES US

SHIP DATE: 06JUL12
ACTWGT: 0.6 LB
CAD: /OFFC1302
DIMS: 0x0x0 IN

BILL SENDER

TO SUSAN BLUSH
LAW OFFICE OF SUSAN BLUSH
5050 PALO VERDE ST
STE 113
MONTCLAIR CA 91763
(865) 382-7828        REF:
THU:
P01                              DEPT:

FedEx
Express
E

### SATURDAY ### A1
PRIORITY OVERNIGHT

TRK# 8758 4283 5163
0200

XO ONTA

91763
CA-US  ONT

Align bottom of peel and stick airbill here.



earthsmart
FedEx car
envelope

5163
07.09
RT 937 2 F

5163
07.07
B 3

RIGIN ID: GEGA (509) 990-0797
UTCHISON LAW OFFICE
107 S HOWARD ST STE 230
SPOKANE, WA 992013812
UNITED STATES US

(855) 38

Fe

TO Susan Blush
Law Office of Susan Blush
5050 PALO VERDE ST
STE 113
MONTCLAIR, CA 91763

(US)

Trk# 8758 4283 5163

PRIORITY OVERNIGHT

SDR

FedEx Saturday Delivery

151967 REV 7/08 RAD